Nott, J.,
concurring:
It is true, as was said on the argument, that the strongest obligation of implied contract arises where one man withholds another man’s money. And it is also to be taken as true that there is now money in the Treasury the title to which, as the Supreme Court has held, was never divested from the original owner of the property, the claimant in this suit. But it is, at the same time, to be noted that the Supreme Court has likewise held that the “abandoned and captured property” constitutes a peculiar class, which was not property taken for public use within the meaning of the Constitution, and, on the contrary, that its proceeds constitute a fund held in trust by the Government for those who were, by the terms of the statute, declared to be “ entitled to the proceeds of captured and abandoned property, cmd for those whom it should thereafter recognize as entitled.”— Klein's Case, (7 C. Cls. R., p. 244.)
The claimant cannot recover, in an action under an implied contract, property which is legally held under a valid trust. It is a sufficient answer to his suit to say that the Government holds, and is authorized by law to continue holding, this money in trust for those whom it may hereafter recognize as entitled to it. The claimant has now no judicial remedy to reach the trust, and in the words of the Supreme Court, “whether restoration will be made to him, or confiscation will be enforced, is left to be determined by considerations of public policy subsequently to be developed." — Klein’s Case, (7 C. Cls. R., p. 244.)